UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **AXCESS INSTRUMENTS IP HOLDING COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**INTUITIVE SURGICAL, INC., INTUITIVE SURGICAL OPERATIONS, INC., INTUITIVE SURGICAL SARL, INTUITIVE SURGICAL-FOSUN (HONGKONG) CO., LTD., INTUITIVE SURGICAL-FOSUN MEDICAL TECHNOLOGY (SHANGHAI) CO., LTD., INTUITIVE SURGICAL S. DE R.L. DE C.V., AND INTUITIVE SURGICAL G.K.,**<br><br>Defendants. | Case No. 2:25-cv-559<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Axcess Instruments IP Holding Company ("Plaintiff") hereby files this Original Complaint for Patent Infringement against Intuitive Surgical, Inc. ("Intuitive Parent"), Intuitive Surgical Operations, Inc. ("Intuitive Operations"), Intuitive Surgical Sarl ("Intuitive Swiss"), Intuitive Surgical-Fosun Medical Technology (Shanghai) Co., Ltd. ("Intuitive Fuson China"), Intuitive Surgical-Fosun (HongKong) Co., Ltd. ("Intuitive Fuson Hong Kong"), Intuitive Surgical S. De R.L. De C.V. ("Intuitive Mexico"), and Intuitive Surgical G.K. ("Intuitive Japan") (collectively, "Intuitive" or "Defendant"), and alleges, upon information and belief, as follows:

## THE PARTIES

1. Axcess Instruments IP Holding Company is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 416 Mulberry Street, Tyler, Texas 75702.

2. Intuitive, through joint enterprise as alleged below, has multiple places of business in this District. Upon information and belief, Intuitive does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the judicial Eastern District of Texas. Upon information and belief, Intuitive employs individuals in this Judicial District involved in the sales and marketing of its products.

3. Upon information and belief, Intuitive Parent is a Delaware corporation with a place of business in this District located Plano and Tyler, Texas. Defendant may be served with process via its registered agent, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Upon information and belief, Intuitive Operations is a Delaware corporation. Intuitive Operations, through joint enterprise as alleged, has multiple places of business in this District. Defendant may be served with process via its registered agent, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5. Upon information and belief, Intuitive Swiss is a company organized under the laws of Switzerland, with its principal place of business at 1 Chemins des Mfiriers, 1170 Aubonne, Switzerland. Defendant may be served with process via its parent at C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Upon information and belief, and as shown below, Intuitive Swiss makes, uses, sells, offers for sale, and/or imports Intuitive's products and/or services, including those accused herein of infringement. Upon information and belief, Intuitive Swiss does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, as shown below, to customers and potential customers located in Texas, including in the judicial Eastern District of Texas.



See https://panjiva.com/Intuitive-Surgical-SARL/1504763 (screenshot of supply chain intelligence showing Intuitive Swiss' imports of products).



*See* https://www.linkedin.com/in/marc-giuffrida-16772240/ (screenshot of Marc Giuffrida's LinkedIn profile, which shows he, as employed by Intuitive Swiss, was responsible for and negotiated Intuitive's contractual terms and conditions with customers and/or partners to ensure company and legal compliance in the sales of Intuitive's products and services).

7. Further, upon information and belief, and as evidenced below, when contract disputes arose from the sale of Intuitive's products and/or services, including those accused herein of infringement, Intuitive Swiss is the party in interest to enforce those contracts.

---

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA**

| INTUITIVE SURGICAL SÀRL, | Case No.: 20CV362869 |
|---|---|
| Plaintiff, | **COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; (3) DECLARATORY RELIEF; AND (4) ANTICIPATORY BREACH OF CONTRACT** |
| v. | |
| ARAB TRADING GROUP, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

---

*See* https://traffic.scscourt.org/case/NDI2NzA0Mg== (screenshot of caption for breach of contract for Intuitive's products and/or services).

8. Upon information and belief, Intuitive Fuson China is a company organized under the laws of China, with its principal place of business at 1-2F, Building 1, No.178 Banxia Road, Pudong New District, Shanghai 201318, CN. Defendant may be served with process via its parent at C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. Upon information and belief, Intuitive Fuson Hong Kong is a company organized under the laws of Hong Kong, with its principal place of business at Unit 3301B-03, AIA Tower, 183 Electric

Road, North Point, Hong Kong, Hong Kong. Defendant may be served with process via its parent at C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10. Upon information and belief, Intuitive Fuson China and Intuitive Fuson Hong Kong were formed as a joint venture in 2016 between Intuitive Parent, through Intuitive Swiss, and Fosun Pharma, and thus are not 100% owned by Intuitive Parent.



11. Upon information and belief, Intuitive Fuson China is the manufacturing arm of Intuitive Fuson, as shown and described below, and Intuitive Fuson Hong Kong is the distribution arm of intuitive Fuson, as reflected in its website being controlled by Intuitive Hong Kong https://www.intufosun.hk/about-us/company/legal/privacy-policy.

12. Upon information and belief, at least since 2016, Intuitive Fuson China and Intuitive Fuson Hong Kong make, use, sell, offer for sale, and/or import Intuitive's products and/or services, including those accused herein of infringement with respect to Intuitive Swiss' joint venture with Fuson Pharma's robotic assisted catheter based devices for lung cancer diagnosis and treatment. "The technology will be used in robotic-assisted medical devices based on catheters, and incorporates proprietary intellectual property developed or owned by Intuitive Surgical. The joint venture will be registered in Shanghai, where it will perform research and development activities and manufacture catheter-based products for global distribution. Distribution in China will be conducted by the joint venture. Distribution outside of China will be conducted by Intuitive Surgical." *See* https://isrg.intuitive.com/news-releases/news-release-details/intuitive-surgical-and-fosun-pharma-establish-joint-venture (September 2016 Intuitive press release of joint venture).

13. Upon information and belief, Intuitive Fuson China and Intuitive Fuson Hong Kong do business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, as shown below, to customers and potential customers located in Texas, including in the judicial Eastern District of Texas. *See* https://www.intufosun.hk/.



14. Upon information and belief, Intuitive Mexico is a company organized under the laws of Mexico, with its principal place of business at Calzada Presidente Venustiano Carranza #1745 Colonia

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                                 6

Calles Mexicali Baja California, 21226 MX. Defendant may be served with process via its parent at C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

15. Upon information and belief, Intuitive Japan is a company organized under the laws of Japan, with its principal place of business at Ark Mori Building, 1-12-32, Akasaka, Minato-ku, Tokyo 107-6032, Japan. Defendant may be served with process via its parent at C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

16. Upon information and belief, and as shown below, Intuitive Mexico and Intuitive Japan make, use, sells, offer for sale, and/or import Intuitive's products and/or services, including those accused herein of infringement. *See* https://fda.report/Company/Intuitive-Surgical-Inc (the latest FDA filings for Intuitive Parent); *see also* https://fda.report/Company/Intuitive-Surgical-S-De-R-L-De-C-V (the latest FDA filings for Intuitive Mexico) and https://fda.report/Company/Intuitive-Surgical-G-K (the latest FDA filings for Intuitive Japan).

## Intuitive Surgical Inc

### FDA Filings

This page includes the latest FDA filings for Intuitive Surgical Inc. Currently, you will find the latest 100 filings for Premarket Notifications, Premarket Applications, De Novo Applications, and GUDID registrations.

| USA | NASDAQ | ISRG | DUNS 938647021 |

Intuitive Surgical Inc holds import registrations or U.S. agent authorizations in conjunction with the following organizations:

- Intuitive Surgical S. de R.L. de C.V.
- Mario Lowe
- Intuitive Surgical G.K.

*See* https://fda.report/Company/Intuitive-Surgical-Inc (the latest FDA filings for Intuitive Parent).

17. Upon information and belief, Defendants are engaged in a joint enterprise to exploit and monetize the Accused Instrumentalities in the United States, including within this Judicial District, and are

jointly and severally liable to Plaintiff for all damages resulting therefrom. By way of example, and on information and belief, Defendant Intuitive Operations is the owner in all rights to Intuitive's trademarks with the USPTO. Moreover, Intuitive's patent rights are all assigned to Intuitive operations. Moreover, Intuitive's legal rights appear to be spread across Intuitive affiliates, but under common control and direction. Indeed, Intuitive Parent, Operations, and Intuitive Swiss have all, at different occasions, brought legal proceedings on behalf of Intuitive. Further, as noted above, the principal places of business for Defendants are located in Sunnyvale, CA and at Intuitive Swiss headquarters.

> Last updated May 18, 2023.
> **Introduction: Purpose, scope, and users**
> Intuitive Surgical, with principal locations including Intuitive Surgical, Inc., 1020 Kifer Road, Sunnyvale, CA 94086, and Intuitive Surgical Sàrl, 1, Chemin des Mûriers, 1170 Aubonne, Switzerland and their affiliates

*See* https://www.intuitive.com/en-us/about-us/company/legal/privacy-policy.

18. Stull further, upon information and belief, the Accused Instrumentalities are marketed in the same form, under the same names (*e.g.,* Intuitive), by all Defendants. On information and belief, there exists written agreement(s) among and between Defendants governing the rights, duties, and responsibilities of each entity in their collective effort to exploit and monetize the Accused Instrumentalities in the United States, including within this Judicial District, all to the harm of Plaintiff.

19. Upon information and belief, Defendants therefore sell and offer to sell products and services throughout the United States, including in this judicial district, and introduce products and services into the stream of commerce that incorporate infringing technology, knowing that they would be sold in this judicial district and elsewhere in the United States.

**JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

21. This Court has personal jurisdiction over Intuitive. Intuitive has continuous and systematic business contacts with the State of Texas. Intuitive transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Intuitive based on its commission of one or more acts of infringement of patent-in-suit in this District and elsewhere in the State of Texas.

22. Upon information and belief, Intuitive transacts substantial business in the State of Texas and this Judicial District. Intuitive has committed acts of infringement in this District by, among other things, offering to sell and selling products that infringe the asserted patents, including the accused products as alleged herein, as well as providing service and support to its customers in this District. Upon information and belief, Intuitive, directly or indirectly, participates in the stream of commerce that results in products, including the accused products, being made, used, offered for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas.

23. Intuitive maintains regular, physical, continuous, and established places of businesses, including places of business for a Senior Manufacturing Engineer, along with clinical sales managers and associates/representatives, in this District, which Intuitive has established, ratified, and controlled; have employed people to conduct their business from this District; and from which they have willfully infringed the Asserted Patents in order to benefit themselves in this District. Intuitive commits acts of infringement in this District, including as explained further below by making and using the infringing systems in, and performing at least one step of the accused methods of the Asserted Patents, at their regular and established places of business in this District.

24. As shown below, Intuitive has employees in the Eastern District of Texas, including a Clinical Sales Manager for East Texas in Hallsville, Texas for over 10 years:



See https://www.linkedin.com/in/micah-mobley-a9583a45/ (screenshot of Micah Mobley's LinkedIn page, as Clinical Sales Manager, located in Tyler, Texas of Intuitive).

25. As shown above, all four of these employees are located in this District. Their locations within the Eastern District of Texas are important to the business performed and Intuitive had intention to maintain some place of business in the Eastern District of Texas in the event any employees decided to terminate their residences as a place there.

26. Intuitive's employees also do not merely possess inventory. Their use in the Eastern District of Texas is part of Intuitive's services to its Eastern District of Texas customers, a job that falls on these employees. When sample products or inventory arrive at these employees' places of businesses, they then visit local customers to deliver or show the samples.

27. As shown below, Intuitive has further solicited salespeople in public advertisements to cover the challenged venue area and preferred that those employees live in their assigned sales area. Their locations within the Eastern District of Texas are important to the business performed and Intuitive had intention to maintain some place of business in the Eastern District of Texas in the event any employees decided to terminate their residences as a place there.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                                 10



See https://www.linkedin.com/in/micah-mobley-a9583a45/ (screenshot of Micah Mobley's LinkedIn page advertising and recruiting positions in Tyler, Texas for Intuitive).

28. Intuitive has regular, physical presences of Intuitive employees in this District conducting Intuitive's business. Intuitive maintains a regular and established place of business at the Intuitive defined places and separate areas by the regular, physical presence of its employees.

29. Venue is proper in this District as to Intuitive pursuant to at least 28 U.S.C. § 1400(b). As noted above, Intuitive maintains a regular and established business presence in this District. *See In re Monolithic Power Sys., Inc.,* 50 F.4th 157, 160 (Fed. Cir. 2022); *see also IOT INNOVATIONS LLC, Plaintiff, v. MONITRONICS INTERNATIONAL, INC.,* No. 2:22-CV-0432-JRG-RSP, 2023 WL 6318049, at *5 (E.D. Tex. Sept. 11, 2023), *report and recommendation adopted sub nom. Iot Innovations LLC v. Monitronics Int'l, Inc.*, No. 222CV00432JRGRSP, 2023 WL 6300560 (E.D. Tex. Sept. 27, 2023).

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                  11

30. Furthermore, venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendants Intuitive Swiss, Intuitive Fuson China, Intuitive Fuson Hong Kong, Intuitive Mexico and Intuitive Japan are subject to personal jurisdiction in this Judicial District, regularly conducted business in this Judicial District, certain of the acts complained of herein occurred in this Judicial District, and they are not residents in the United States and may be sued in any judicial district.

## BACKGROUND AND PATENTS-IN-SUIT

31. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent Nos. 11,298,153 ("the '153 Patent") (hereinafter collectively referred to as the "Patents-in-Suit"), relating to improved devices and methods for minimally invasive surgical procedures.

32. The Patents-in-Suit are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

33. The inventions described and claimed in the Patents-in-Suit were invented individually and independently by named inventors, Dr. Michael J. Norton and Noel D. Ischy.

34. One of the inventors, Dr. Norton, is the co-founder and Vice President of Plaintiff, Axcess Instruments IP Holding Company. Dr. Norton is a board-certified General Surgeon in Tyler, TX where he has practiced for 32 years. After graduating from the University of Texas Southwestern Medical School in 1987, Michael trained under Dr Ernest Poulos at St Paul Medical Center in Dallas, Tx. He moved to Tyler, TX in 1992 and has enjoyed a full career as a General Surgeon at Christus Mother Frances Hospital. During his career, Dr. Norton has served as President of the Medical staff and as Chief of Surgery. He continued his commitment to the medical community on the Board of Councilors and as President of the Smith County Medical Association. He has

contributed to hospital leadership in multiple areas and is currently section chief of General Surgery and Chair of the Breast Program committee at Christus Mother Frances Hospital in Tyler.

35. Dr. Norton was trained in laparoscopic surgery during residency and developed an interest in innovations for minimally invasive surgery. After significant research and development, Dr. Norton then founded Axcess Instruments Inc., specifically formed to develop techniques in Single Incision Laparoscopy with the AxcessPort. This was followed by integrating digital devices into the AxcessPort to optimize imaging and performance in surgical imaging. Dr. Norton has been granted 13 utility U.S. patents as well as several international patents for new and useful inventions.

36. The Patents-in-Suit include numerous claims defining distinct inventions. As represented in Fig. 6 of the '153 Patent below, for example, the inventions generally relate to laparoscopic surgical procedures and in particular to an improved device and method for minimally invasive surgical procedures.



Figure 6

37. The priority date of the '153 Patent is at least as early as March 3, 2006. TAs of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

38. Before the inventions of inventions of the '153 Patent, surgeons did not have an apparatus and method that would allow the surgeon to perform minimally invasive operations with body flanges having a smaller overall cross-section while allowing for triangulation within the patient. With the art available at the time before the inventions of the '153 Patent, many incisions were needed for body access openings thus increasing the pain caused by surgery and further increasing the recovery time and the risk of infection. *See* '153 Patent, Col. 1, l. 29-Col. 3, l. 14

39. Therefore, one aspect of the inventions of the '153 Patent consists of a "body flange" or "trans-axis-uniport" ("TAU") which is anchored to the body with a standard suture anchoring points. In turn, the body anchor contains a crisscrossed plurality of conduits which allow nonparallel introduction of equipment and/or instruments. The conduits may be parallel, nonparallel, straight or curved, but enter the body through one body opening. (It may be necessary during some procedures to have additional body openings). *Id.*, Col. 3, ll. 18-26.

The Patents-in-Suit are pioneering patents. Indeed, the '153 Patent has been cited as relevant prior art in 323 subsequent United States Patent Applications, including by such technology leaders as Ethicon (Johnson & Johnson), Intuitive, Tyco, Applied Medical Resources, Stryker and Covidien.

## INTUITIVE'S INFRINGING PRODUCTS

40. Upon information and belief, Intuitive makes, sells, advertises, offers for sale, uses, or otherwise provides single-port robotic surgical methods and systems, including, but not limited to, the Da Vinci SP System Instrument ("Accused Instrumentalities"), that utilize the Patents-in-Suit's patented body port or body flange access devices and methods for performing laparoscopic surgery, as shown exemplarily below and attached as Exhibit A for the '153 Patent.

41. As exemplarily shown in more detail of Exhibit A, Intuitive's Accused Instrumentalities include each and every limitation of the patents-in-Suit and at least, but not limited to, claim 1 of the '153 Patent and therefore literally infringe these claims. Plaintiff reserves the right to assert additional claims and to assert infringement under the doctrine of equivalents in light of information learned during discovery or in view of this Court's claim construction order.

## COUNT I
## Infringement of U.S. Patent No. 11,298,153

42. Plaintiff incorporates the above paragraphs by reference.

43. Intuitive without authority, continues to make, use, sell, offer to sell, and/or import into the United States its Accused Instrumentalities as shown above.

44. Intuitive thus has infringed and continues to infringe at least claim 1 of the '153 Patent literally and/or under the doctrine of equivalents.

45. Intuitive has also actively induced and will continue to actively induce the infringement of at least one of claim 1 of the '153 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting infringement of others through activities such as creating and/or distributing videos of use such as the videos above, brochures, manuals, instructional documents, and/or similar materials with instructions on creating, manufacturing, designing, assembling and/or implementing infringing products, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States products that fall within the scope of the '153 Patent, without license or authority from Plaintiff. On information and belief, Intuitive knows that the induced acts constitute infringement of the '153 Patent.

46. Intuitive individually, collectively, or through others or intermediaries, has contributorily infringed, and/or is contributorily infringing, in violation of 35 U.S.C. § 271(c), at least one claim of the '153 Patent by making, using, offering for sale, selling, and/or importing, material parts of

the inventions claimed in the '153 Patent, which are not a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing the accused parts to be especially made or especially adapted for use in an infringement of the '153 claims.

47. Intuitive has been on actual notice of the '153 Patent at least as early as 2009, when it was cited in seven of its own patent file histories. Intuitive's direct and indirect infringement of the '153 Patent has thus been committed with knowledge of the '153 Patent, making Intuitive liable for direct, indirect, and willful infringement.

48. Intuitive's infringement of the '153 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

49. Plaintiff has been damaged because of the infringing conduct by Intuitive alleged above. Thus, Intuitive is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

50. Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1. Declaring that Defendants have infringed the Patents-in-Suit;

2. Awarding Plaintiff its damages suffered because of Defendants' infringement of the Patents-in-Suit;

3. Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest;

4. An award to Plaintiff of enhanced damages, up to and including trebling of Plaintiff's damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the Patents-in-Suit;

5. Granting a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants from further acts of infringement with respect to the Patents-in-Suit;

6. Awarding Plaintiff ongoing post-trial royalties for infringement of the Patents-in-Suit; and

7. Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Respectfully Submitted

*/s/ Christopher A. Honea*
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420

**ATTORNEYS FOR PLAINTIFF AXCESS INSTRUMENTS IP HOLDING COMPANY**