**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| AXCESS INSTRUMENTS IP HOLDING COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:25-cv-00559-JRG-RSP |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| INTUITIVE SURGICAL, INC., INTUITIVE SURGICAL OPERATIONS, INC., INTUITIVE SURGICAL SARL, INTUITIVE SURGICAL-FOSUN (HONGKONG) CO., LTD., INTUITIVE SURGICAL-FOSUN MEDICAL TECHNOLOGY (SHANGHAI) CO., LTD., INTUITIVE SURGICAL S. DE R.L. DE C.V., AND INTUITIVE SURGICAL G.K., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS UNDER RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, IN THE ALTERNATIVE, TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §1406**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................... 2

      A.    No Defendant Resides or Maintains a Place of Business in This District. ............. 2

      B.    The Non-U.S. Intuitive Defendants Have No Contacts with This District. ............ 3

III.  ARGUMENT ...................................................................................................... 4

      A.    The Court Should Dismiss This Case as to Intuitive Surgical, Inc. and
            Intuitive Surgical Operations, Inc. Because Venue is Not Proper in this Court. .... 4

            1.    Plaintiff Bears the Burden of Establishing Proper Venue. ....................... 5

            2.    Plaintiff cannot establish proper venue under the first prong of
                  Section 1400(b). ................................................................................... 6

            3.    Plaintiff cannot establish proper venue under the second prong of
                  Section 1400(b). ................................................................................... 6

            4.    In the alternative, pursuant to 28 U.S.C. § 1406, the Court should
                  transfer the claims as to ISI and ISO to the Northern District of
                  California. ........................................................................................... 10

                  a.    Plaintiff could have brought this case in the Northern District
                        of California. ............................................................................ 11

                  b.    To the extent the Court does not dismiss this case, transfer to
                        the Northern District of California would serve the interest of
                        justice. ..................................................................................... 11

      B.    The Court Should Dismiss This Case as to the Non-U.S. Intuitive
            Defendants. ................................................................................................. 12

            1.    The Court Lacks Personal Jurisdiction Over the Non-U.S. Intuitive
                  Defendants. ........................................................................................ 12

                  a.    Plaintiff bears the burden of establishing personal jurisdiction. .... 12

                  b.    The non-U.S. Intuitive Defendants lack sufficient contacts
                        with Texas on which the Court may exercise personal
                        jurisdiction. .............................................................................. 13

2.      Plaintiff Does Not Allege Sufficient Facts to Support its Dubious "Joint Enterprise" Theory. ........................................................................ 14

C.      Plaintiff Fails to State a Claim for Indirect and Willful Infringement................. 15

IV.     CONCLUSION............................................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adaptix, Inc. v. HTC Corp.*,
  937 F. Supp. 2d 867 (E.D. Tex. 2013) ...................................................................11

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015) (en banc) ...........................................................14

*Alexsam, Inc. v. Simon Prop. Grp. (Tex.), L.P.*,
  No. 2:19-CV-00331-JRG, 2021 WL 8441707 (E.D. Tex. Sept. 3, 2021) ...............8

*Bullion v. Gillespie*,
  895 F.2d 213 (5th Cir. 1990) ...............................................................................12

*CICAS IP LLC v. Intuitive Surgical, Inc.*,
  No. 2:23-cv-00294-JRG-RSP (E.D. Tex. 2023) ....................................................2

*CICAS IP LLC v. Olympus Corp., et al.*,
  No. 2:23-cv-00292-JRG-RSP (E.D. Tex. Sept. 12, 2023) ......................................2

*Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*,
  963 F.2d 90 (5th Cir. 1992) .................................................................................12

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017) ................................................................5, 6, 7, 8

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .............................................................................................11

*Diamond Grading Techs. Inc. v. Am. Gem Society*,
  No. 2:14-cv-1161-RWS-RSP, 2016 WL 3902482 (E.D. Tex. Mar. 30, 2016).......16

*Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd.*,
  No. W-21-CV-00122-ADA, 2021 WL 6205789 (W.D. Tex. Dec. 29, 2021) ...........7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) .............................................................................................13

*Ham v. La Cienega Music Co.*,
  4 F.3d 413 (5th Cir. 1993) ...................................................................................12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984)..............................................................................................14

*IngenioShare, LLC v. Epic Games, Inc.*,
    No. W-21-CV-00663-ADA, 2022 WL 827808 (W.D. Tex. Mar. 18, 2022) ............................7

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ........................................................................................................13

*IOT INNOVATIONS LLC v. Monitronics International, Inc.*,
    No. 2:22-cv-0432-JRG-RSP, 2023 WL 6318049 (E.D. Tex. Sept. 11, 2023) ....................9, 10

*LBS Innovations, LLC v. Nokia USA Inc.*,
    No. 2:15-cv-1972-JRG, 2016 WL 3407611 (E.D. Tex. June 21, 2016)
    (Gilstrap, J.) .........................................................................................................14, 15

*In re Monolithic Power Systems*,
    50 F.4th 157 (Fed. Cir. 2022) ...........................................................................................9

*Novartis Pharms. Corp. v. Accord Healthcare Inc.*, No. CV 18-1043, 2019 WL
    2502535 (D. Del. June 17, 2019) .......................................................................................8

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) .........................................................................................5, 8

*Parallel Network Licensing LLC v. Arrow Elecs., Inc.*,
    No. 4:21-cv-00714, 2022 WL 1597364 (E.D. Tex. May 19, 2022) .........................................5

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
    688 F.3d 214 (5th Cir. 2012) ...........................................................................................13

*Quantum Tech. Innovations, LLC v. Valve Corp.*,
    No. 2:23-cv-425-JRG-RSP, 2024 WL 4329020 (E.D. Tex. Aug. 8, 2024) .............................4

*Rosco, Inc. v. Safety Vision LLC*,
    No. 19-CV-8933 (JMF), 2020 WL 5603794 (S.D.N.Y. Sept. 18, 2020) ................................7

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
    282 F. Supp. 3d 916 (E.D. Va. 2017) .................................................................................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    581 U.S. 258 (2017) ......................................................................................................5, 6

*VoIP-Pal.com, Inc. v. Twitter, Inc.*,
    No. 2:16-CV-02338-RFB-CWH, 2018 WL 3543031 (D. Nev. July 23, 2018) .......................7

*In re Volkswagen Grp. of Am.*,
    285 F.4th 1203 (Fed. Cir. 2022) ......................................................................................5

*Westech Aerosol Corp. v. 3M Co.*,
    927 F.3d 1378 (Fed. Cir. 2019) .....................................................................................5, 8

*Wilson v. Belin,*
    20 F.3d 644 (5th Cir. 1994) ...................................................................................13

*WNS, Inc. v. Farrow,*
    884 F.2d 200 (5th Cir. 1989) ..................................................................................12

*Zaxcom, Inc. v. Lectrosonics, Inc.,*
    No. 17-CV-3408-NGG-SJB, 2019 WL 418860 (E.D.N.Y. Feb. 1, 2019) ..............................7

*In re ZTE (USA) Inc.,*
    890 F.3d 1008 (Fed. Cir. 2018) ................................................................................5

## **Statutes**

28 U.S.C. § 1400(b) ..........................................................................................4, 5, 6

28 U.S.C. § 1404(a) .................................................................................................2

28 U.S.C. § 1406 ....................................................................................................10

28 U.S.C. § 1406(a) ...............................................................................................10

## **Other Authorities**

Fed. R. Civ. P. 12(b)(2) ..........................................................................................14

Fed. R. Civ. P. 12(b)(3) ........................................................................................2, 4

INTUITIVE SURGICAL, INC., OFFICE LOCATIONS, https://www.intuitive.com/en-us/about-us/contact/office-locations (last visited August 1, 2025).....................................2, 11

## I. INTRODUCTION

The Court should dismiss this case, which should never have been filed in this District, pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The U.S. Intuitive Defendants[1] should be dismissed pursuant to Rule 12(b)(3) for improper venue. Neither ISI nor ISO reside, or have any place of business, in this District. The accused product, the SP Access Port Kit, has never been sold in this District. Plaintiff identifies only one employee who lives in this District, but that is insufficient as a matter of law: the employee's personal home is not a regular and established place of business of any Intuitive entity.

The Court should also dismiss this case as to the non-U.S. Intuitive Defendants. *First*, the Court should dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, as the non-U.S. Intuitive Defendants have no contacts with Texas. *Second*, the Court should dismiss the non-U.S. Intuitive Defendants pursuant to Rule 12(b)(6) for failing to state a claim, as Plaintiff has not alleged that the non-U.S. Intuitive Defendants have committed any plausible infringing acts in this District, or anywhere else. Plaintiff instead offers only the bare, unsupported assertion that these entities are a "joint enterprise," a theory that this Court has previously rejected as insufficient.

Finally, the Court should dismiss Plaintiff's willful and indirect infringement allegations pursuant to Rule 12(b)(6) for failing to state a claim as Plaintiff fails to plausibly plead that any Intuitive entity had any pre-suit knowledge of the patent-in-suit.

---

[1] The "U.S. Intuitive Defendants" are Intuitive Surgical, Inc. ("ISI") and Intuitive Operations, Inc. ("ISO"), and the "non-U.S. Intuitive Defendants" are Intuitive Surgical Sarl ("Intuitive Sarl"), Intuitive Surgical-Fosun (Hongkong) Co., Ltd. ("Intuitive Hong Kong"), Intuitive Surgical-Fosun Medical Technology (Shanghai) Co., Ltd. ("Intuitive Shanghai"), Intuitive Surgical S. de R.L. de C.V. ("Intuitive Mexico"), and Intuitive Surgical G.K. ("Intuitive Japan").

## II.    FACTUAL BACKGROUND

### A.    No Defendant Resides or Maintains a Place of Business in This District.

Intuitive develops, manufactures, and markets robotic-assisted surgical systems and instruments which enable doctors to perform minimally-invasive surgeries. The two U.S.-based Intuitive entities identified in the complaint are ISI and ISO, neither of which has any place of business in this District.

Plaintiff asserts—without evidence—that ISI has "a place of business in this District located Plano [sic] and Tyler, Texas." (ECF No. 1 ¶ 3.) That assertion is false. ISI is located in (i) Sunnyvale, California, and (ii) Peachtree Corners, Georgia, far from this District,[2] and does not own or lease any facility in this District.

Plaintiff asserts—again without evidence—that, through an unidentified "joint enterprise," ISO has "multiple places of business in this District." (ECF No. 1 ¶ 4.) Again, these allegations are false.[3] ISO has no place of business in the District. (Ex. A ("McGrogan Decl.") ¶ 3.) Nor is it a joint enterprise with any entity in the District. Indeed, as discussed herein, the other entities

---

[2] INTUITIVE SURGICAL, INC., OFFICE LOCATIONS, https://www.intuitive.com/en-us/about-us/contact/office-locations (last visited August 1, 2025).

[3] Plaintiff knows better. Its counsel previously sued the Intuitive entities in this District on behalf of plaintiff CICAS IP LLC regarding Intuitive's Ion Platform. *See CICAS IP LLC v. Intuitive Surgical, Inc.*, No. 2:23-cv-00294-JRG-RSP (E.D. Tex. 2023). In that case, which the Court consolidated with another case against Olympus Corporation, ISI moved to dismiss for improper venue and provided detailed information regarding the structure of its business, the locations of its employees, and the development of its products, which directly contradicts many of the allegations here. (*See* Intuitive Surgical, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(3), or Alternatively, to Transfer to the Northern District of California Pursuant to 28 U.S.C. § 1404(a), *CICAS IP LLC v. Olympus Corp., et al.*, No. 2:23-cv-00292-JRG-RSP (E.D. Tex. Sept. 12, 2023), ECF No. 12.). The case was dismissed by agreement before the Court ruled on the motion, but Plaintiff's counsel is well aware of the facts set forth therein.

identified in the complaint similarly have no place of business in the District. (*Id.*) Moreover, no Intuitive entity has sold ever the accused SP Access Port Kit in this District. (*Id.*)

Plaintiff identifies one Intuitive employee, Micah Mobley, whose home is within this District.[4] (ECF No. 1 ¶¶ 24–25.) However, Mr. Mobley's personal home is not an Intuitive place of business. Indeed, Mr. Mobley is not required to live within this District and can change or terminate his residence within this District without approval. (Ex. B ("Mobley Decl.") ¶ 2; *see* McGrogan Decl. ¶ 4.) Mr. Mobley does not perform any product demonstrations, trainings, or testing at his home. (Mobley Decl. ¶ 3.)

**B.    The Non-U.S. Intuitive Defendants Have No Contacts with This District.**

Plaintiff makes the conclusory allegation that ISI and ISO are in a "joint enterprise" of infringement with the other defendants, non-U.S. Intuitive Defendants. (*See* ECF No. 1 ¶ 17.) Even leaving aside the fact that the U.S. Intuitive Defendants are not located in this District and have not sold any accused product in this District, Plaintiff does not plead any facts that could support a "joint enterprise" relating to the alleged infringement. No such facts exist, as none of the non-U.S. Intuitive entities make, sell, offer for sale, or import the accused SP Access Port Kits in the United States:

- **Intuitive Shanghai and Intuitive Hong Kong**: Intuitive Shanghai and Intuitive Hong Kong do not have any involvement with the SP Access Port Kit, and serve only the Chinese market—*a market in which the accused SP Access Port Kit is not sold*. (McGrogan Decl. ¶ 6.)

- **Intuitive Japan**: Intuitive Japan similarly only does business in Japan. (*Id.* ¶ 7.)

---

[4] Plaintiff alleges, without support, that "all four of these employees are located in this District" but only identifies one such employee, Mr. Mobley, with any particularity. (*Id.* ¶ 25.) The statements herein attributed to Mr. Mobley's residence in this District apply equally to the few Intuitive employees who do reside in this District. (McGrogan Decl. ¶ 4.)

- **<u>Intuitive Mexico</u>**: Intuitive Mexico solely operates manufacturing facilities in Mexico and does not do business in Texas. (*Id.*)

- **<u>Intuitive Sarl</u>**: Intuitive Sarl is not involved in manufacturing the accused SP Access Port Kit, is not the importer of record for the SP Access Port Kit, and does not sell or offer for sale any component of the SP Access Port Kit in the United States. (*Id.* ¶ 5.)

## III.  ARGUMENT

The Court should dismiss this case for multiple reasons. *First*, the Court should dismiss ISI and ISO pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. *Second*, the Court should dismiss the non-U.S. Intuitive Defendants pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court lacks personal jurisdiction over the non-U.S. Intuitive Defendants, and Plaintiff has failed to allege any plausible act of infringement by such entities. Plaintiff alleges only that the Defendants are in a "joint enterprise," without pleading any facts to support a joint enterprise or identifying any act of alleged infringement by any of the non-U.S. Defendants. Additionally, and separate from these significant defects in Plaintiff's complaint, the Court should dismiss Plaintiff's allegations of willful and indirect infringement pursuant to Rule 12(b)(6) because Plaintiff failed to plausibly plead any pre-suit knowledge of the patent-in-suit.

### A.    The Court Should Dismiss This Case as to Intuitive Surgical, Inc. and Intuitive Surgical Operations, Inc. Because Venue is Not Proper in this Court.

Neither ISI nor ISO are incorporated in Texas, so neither company resides within this District. Plaintiff also cannot demonstrate that either entity has a place of business within this District. Thus, Plaintiff cannot establish venue under 28 U.S.C. § 1400(b). Accordingly, the Court should dismiss Plaintiff's Complaint against ISI and ISO pursuant to Rule 12(b)(3) for improper venue.

1.    <u>Plaintiff Bears the Burden of Establishing Proper Venue.</u>

When challenged, the plaintiff has the burden of establishing that venue is proper. *Quantum Tech. Innovations, LLC v. Valve Corp.*, No. 2:23-cv-425-JRG-RSP, 2024 WL 4329020, at *1 (E.D. Tex. Aug. 8, 2024) (citing *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018)). In patent cases, § 1400(b) constitutes the sole and exclusive section of the United States Code controlling venue. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 265 (2017). In evaluating a plaintiff's allegations, courts need not credit conclusory allegations of venue. *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019); *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

"The Supreme Court has repeatedly cautioned against a broad reading of the patent venue statute." *In re Volkswagen Grp. of Am.*, 285 F.4th 1203, 1208 (Fed. Cir. 2022). Under § 1400(b), a claim for patent infringement must be brought "in the judicial district where the defendant resides," or "where the defendant has committed acts of infringement and has a regular and established place of business." *TC Heartland*, 581 U.S. at 261. Domestic corporations reside only in their state of incorporation. *Id.* To qualify as a "regular and established place of business" under the second prong of § 1400(b), a plaintiff must prove three elements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). If a plaintiff fails to establish any of these three elements, venue is improper under § 1400(b), and the Court must dismiss "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *E.g., Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, No. 4:21-cv-00714, 2022 WL 1597364, at *1 (E.D. Tex. May 19, 2022) (quoting 28 U.S.C. § 1406(a)).

    2.    <u>Plaintiff cannot establish proper venue under the first prong of Section 1400(b).</u>

Under the first prong of § 1400(b), a domestic corporate defendant "resides" only in the state of its incorporation. *TC Heartland*, 581 U.S. at 262. Plaintiff admits that ISI and ISO are both incorporated in Delaware. (ECF No. 1 ¶¶ 3–4.) Accordingly, neither ISI nor ISO resides in this District for venue purposes. *TC Heartland*, 581 U.S. at 262. Venue is improper in this Court as to both ISI and ISO under the first prong of § 1400(b).

    3.    <u>Plaintiff cannot establish proper venue under the second prong of Section 1400(b).</u>

As Plaintiff cannot demonstrate that venue is proper in this Court under the first prong of § 1400(b), Plaintiff's case in this District can only survive if Plaintiff can prove that ISI and ISO (1) have committed acts of infringement in this District, and (2) have a place of business in this District. *See* 28 U.S.C. § 1400(b). But even assuming that ISI and ISO have committed any acts of infringement in this District, ***which they have not***, Plaintiff has not demonstrated that ISI or ISO have a place of business in this District.

Plaintiff fails to identify facts satisfying ***any*** of the three elements of the second prong of § 1400(b)—i.e., demonstrating (1) "a physical place in the district" that is (2) "regular and established" and (3) the "place of [Intuitive]." *In re Cray*, 871 F.3d at 1360. Intuitive does not have any offices, warehouses, or manufacturing facilities in this District. (McGrogan Decl. ¶ 3; Mobley Decl. ¶ 2.) Nor does Intuitive own or lease any other real property in this District. (McGrogan Decl. ¶ 3; Mobley Decl. ¶ 2.) Plaintiff does not contend otherwise in its complaint.

Instead, Plaintiff relies on the residence of a single identified remote employee— Mr. Mobley—to assert, contrary to Federal Circuit precedent, that ISI and ISO collectively "maintain[] regular, physical, continuous, and established places of business." (ECF No. 1 ¶ 23.) *First*, Mr. Mobley is an employee of ISI, not ISO. (Mobley Decl. ¶ 2.) Accordingly, his residence

is irrelevant to ISO. *Second*, Mr. Mobley's private residence is not ISI's place of business, *see In re Cray*, 871 F.3d at 1363–64, and the LinkedIn profile on which Plaintiff relies (ECF No. 1 ¶ 24) does not suggest otherwise. Plaintiff plainly fails to meet its burden by alleging no more than that Mr. Mobley resides in this District. Indeed, the facts clearly show that Mr. Mobley's home is not an Intuitive place of business.

In *In re Cray*, the Federal Circuit set forth several factors that inform whether an employee's private residence is a party's place of business for venue purposes. The first is whether the defendant owns or leases the place, or exercises other attributes of possession or control over the employee's residence. *In re Cray*, 871 F.3d at 1363. ISI does not. (Mobley Decl. ¶ 2; McGrogan Decl. ¶ 4.) Mr. Mobley is free to live in any home of his choice and Intuitive does not own, lease, or otherwise control any aspect of his home office. (Mobley Decl. ¶ 2.) Another factor is whether the defendant conditions employment on residence in that location or storage of inventory at the employee's home for distribution or sale therefrom. *Cray*, 871 F.3d at 1363. Again, none of these factors are present. Mr. Mobley's only location requirement is to be able to drive to various hospitals in Texas, Louisiana, Arkansas, Alabama, Florida, and Tennessee. (Mobley Decl. ¶ 2.) Mr. Mobley could move outside this District—to Louisiana, for example—and easily perform his job as required. Likewise, ISI does not "represent[] that it has a place of business," *Cray*, 871 F.3d at 1363–64, at Mr. Mobley's residence, list Mr. Mobley's residence on its website, or place its name on a sign associated with Mr. Mobley's residence. (Mobley Decl. ¶ 3.) As none of the relevant factors are present, Mr. Mobley's home cannot be ISI's place of business.[5] *In re Cray*,

---

[5] Cases where courts have found that employees' homes did ***not*** support venue are legion. *E.g., IngenioShare, LLC v. Epic Games, Inc.*, No. W-21-CV-00663-ADA, 2022 WL 827808, at *2 (W.D. Tex. Mar. 18, 2022); *Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd.*, No. W-21-CV-00122-ADA, 2021 WL 6205789, at *2-3 (W.D. Tex. Dec. 29, 2021); *Rosco, Inc. v. Safety Vision*

871 F.3d at 1366 ("Under these circumstances, . . . the employee's home could not by any stretch of the imagination be characterized as a regular and established place of business of the defendant." (cleaned up)).

Recognizing that the facts regarding Mr. Mobley's home are insufficient, Plaintiff asserts that "Intuitive had ***intention*** to maintain some place of business in the Eastern District of Texas in the event any employees decided to terminate their residences as a place there." (ECF No. 1 ¶ 25 (emphasis added).) Plaintiff alleges no facts supporting this bare assertion,[6] nor could it. In any event, the venue statute requires—***at the time of the complaint***—(1) "a physical place in the district" that is (2) "regular and established" and (3) the "place of [Intuitive]." *In re Cray*, 871 F.3d at 1360. No authority supports that a supposed future intention to have a place of business is sufficient.

Next, Plaintiff makes the irrelevant allegation that "Intuitive has further solicited salespeople in public advertisements to cover the challenged venue area and preferred that those employees live in their assigned sales area." (ECF No. 1 ¶ 27.) But the Federal Circuit has emphasized that a defendant's "sales presence in the judicial district does not, by itself, satisfy the patent venue statute." *Westech Aerosol*, 927 F.3d at 1381. Moreover, as discussed above, even an actual employee whose home is in the District is not sufficient; a "prefer[ence]" for a future employee to have a home there is even further afield. District courts reviewing this issue uniformly

---

*LLC*, No. 19-CV-8933 (JMF), 2020 WL 5603794, at *2 (S.D.N.Y. Sept. 18, 2020); *Zaxcom, Inc. v. Lectrosonics, Inc.*, No. 17-CV-3408-NGG-SJB, 2019 WL 418860, at *5 (E.D.N.Y. Feb. 1, 2019); *VoIP-Pal.com, Inc. v. Twitter, Inc.*, No. 2:16-CV-02338-RFB-CWH, 2018 WL 3543031, at *4 (D. Nev. July 23, 2018).

[6] Thus, the Court is not required to take it as true in deciding this motion. *See, e.g., Alexsam, Inc. v. Simon Prop. Grp. (Tex.), L.P.*, No. 2:19-CV-00331-JRG, 2021 WL 8441707, at *3 (E.D. Tex. Sept. 3, 2021); *Panda Brandywine*, 253 F.3d at 869.

agree. *E.g., Novartis Pharms. Corp. v. Accord Healthcare Inc.*, No. CV 18-1043, 2019 WL 2502535, at *4 (D. Del. June 17, 2019) ("Merely doing business in [the district] does not make [the district] a regular and established place of business for [the defendant]," even if the defendant "requires an employee" in the district.); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931 (E.D. Va. 2017) ("Revenue derived from the forum has no bearing on whether § 1400(b)'s requirements are met."). Indeed, Plaintiff pleaded the same facts in support of its personal jurisdiction allegations as its venue allegations, despite the distinct nature of the venue inquiry. While Plaintiff has confused personal jurisdiction with venue, courts do not.

Plaintiff cites *In re Monolithic Power Systems*, 50 F.4th 157 (Fed. Cir. 2022) (ECF No. 1 ¶ 29), but that case is inapposite. The facts of *Monolithic* are readily distinguishable:

> Among other things, the court noted that one employee, Jason Bone, possesses a fair amount of Monolithic's equipment, including two oscilloscopes, four to five power supplies, two electric loads, a logic analyzer, a soldering iron, a multimeter, a function generator, three to five samples of microcontrollers, MOSFETs, five op-amps, ten to fifteen comparators, twenty inductors, and fifty sample demonstration boards. And Monolithic provided that equipment, which is not typically found in a generic home office, for the sole purpose of allowing Mr. Bone to conduct testing and validation as part of his job. Specifically, Mr. Bone uses these in-home tools and equipment to conduct validation tests for at least one of Monolithic's in-district customers.

*Id.* (cleaned up). Indeed, the Federal Circuit deemed the case "an idiosyncratic set of facts" and emphasized the fact-intensive nature of the venue inquiry. *Id.* at 161. In sharp contrast to *Monolithic*, ISI does not keep any specialized equipment for servicing the Accused Product at Mr. Mobley's home, and Mr. Mobley does not use his home to validate the Accused Product for in-district customers. (Mobley Decl. ¶ 3.) Mr. Mobley—an ordinary employee who chose to live in the District and does not test or validate Accused Products at his home—is the opposite of the employee in *Monolithic*.

9

Plaintiff also cites *IOT INNOVATIONS LLC v. Monitronics International, Inc.*, No. 2:22-cv-0432-JRG-RSP, 2023 WL 6318049 (E.D. Tex. Sept. 11, 2023). (ECF No. 1 ¶ 29.) That case also contrasts sharply with the facts here, emphasizing the lack of proper venue in this case. There, this Court found that the defendant ratified its employees' homes as its place of business, in part because "[e]ach night, the technicians store leased company vehicles and more than $10,000 of equipment and inventory (Accused Products) at their homes in this District." *IOT INNOVATIONS*, 2023 WL 6318049, at *3. Moreover, "Brinks Home's business specifically depends on employees being physically present at places in the district." *Id.* at *4. Not so here. As discussed in the foregoing paragraphs, Mr. Mobley—the only ISI employee through which Plaintiff attempts to establish venue—need only be within driving distance of a broad region including parts of the southeastern United States. (Mobley Decl. ¶ 2.) ISI has not established or ratified his residence in this District in any manner—let alone in a manner sufficient to lay venue in this District.

For the foregoing reasons, the Court should dismiss this case as to ISI and ISO pursuant to Rule 12(b)(3) for improper venue.

> 4.    <u>In the alternative, pursuant to 28 U.S.C. § 1406, the Court should transfer the claims as to ISI and ISO to the Northern District of California.</u>

When venue does not lay, the Court "shall dismiss" unless "it be in the interest of justice" to "transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). To the extent the Court does not dismiss this case as to ISI and ISO outright, the Court should transfer this case with respect to such parties to the Northern District of California. Plaintiff could, and should, have brought any claims against these entities in the Northern District of California as it is the center of operative facts in this case, including the locale of Intuitive's global headquarters, sources of proof, and key witnesses. Thus, to the extent the Court does not dismiss

this case outright, transfer to the Northern District of California would best serve "the interest of justice." 28 U.S.C. § 1406(a).

        *a.      Plaintiff could have brought this case in the Northern District of California.*

ISI's and ISO's global headquarters are in Sunnyvale, California,[7] which is in the Northern District of California. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("[G]eneral jurisdiction is . . . one in which the corporation is fairly regarded as at home."). Intuitive also has sustained business operations there. *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 872 (E.D. Tex. 2013) (jurisdiction and venue appropriate where defendant "has offices and personnel throughout the United States, including at its facility in . . . California."). Venue is satisfied because ISI and ISO have places of business in the Northern District of California and Plaintiff alleges infringement of the '153 patent through nationwide use of the Accused Products, including the Northern District of California.

        *b.      To the extent the Court does not dismiss this case, transfer to the Northern District of California would serve the interest of justice.*

The facts of this case point squarely at the Northern District of California. Relevant witnesses, and the overwhelming majority of evidence, are there. Nearly all relevant documents will be produced by Intuitive in Sunnyvale, California, including physical products for inspection and most of the relevant witnesses. (McGrogan Decl. ¶ 9.)

The employees ISI and ISO expect to testify at trial are based in and reside near Intuitive's headquarters in Sunnyvale, California. (*Id.*) This includes at least Anthony McGrogan, who can drive to the courthouses of the Northern District of California as easily as he drives to work. (*See*

---

[7] INTUITIVE SURGICAL, INC., OFFICE LOCATIONS, https://www.intuitive.com/en-us/about-us/contact/office-locations (last visited August 1, 2025).

*id.*) Other Intuitive technical employees responsible for the design, development, testing, and support of the Accused Product likewise live and work in the Northern District of California. Conversely, the only Intuitive employee specifically identified in the complaint who lives in this District is Mr. Mobley, who is not known to have any unique knowledge of the Accused Product. (*Id.*) To the extent that this case belongs in *any* court, it belongs in the Northern District of California.

**B.    The Court Should Dismiss This Case as to the Non-U.S. Intuitive Defendants.**

   1.    <u>The Court Lacks Personal Jurisdiction Over the Non-U.S. Intuitive Defendants.</u>

Intuitive Sarl, Intuitive Hong Kong, Intuitive Shanghai, Intuitive Mexico, and Intuitive Japan (the non-U.S. Intuitive Defendants) do not have *any* contacts with Texas. Plaintiff does not even allege any such contacts. Thus, the Court should dismiss the non-U.S. Intuitive Defendants for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

   *a.    Plaintiff bears the burden of establishing personal jurisdiction.*

When a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that personal jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)). Courts conduct a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). *First*, absent a controlling federal statute regarding service of process, the Court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id. Second*, the Court must establish whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *Id.*

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir.

1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

> b.    *The non-U.S. Intuitive Defendants lack sufficient contacts with Texas on which the Court may exercise personal jurisdiction.*

While both general and specific personal jurisdiction may lie in a case based on the sufficiency of a party's contacts with Texas, the Court need not reach the question of **which** type of personal jurisdiction is relevant, because Plaintiff has failed to demonstrate that the non-U.S. Intuitive Defendants have **any** contacts with Texas. Thus, Plaintiff cannot credibly assert this Court's specific personal jurisdiction over the non-U.S. Intuitive Defendants. *See, e.g., Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 218 (5th Cir. 2012) (no specific personal jurisdiction over German company whose products were specifically designed for the German market).

Contrary to Plaintiff's conclusory allegations (ECF No. 1 ¶¶ 10–13), Intuitive Shanghai and Intuitive Hong Kong have no involvement with the SP Access Port Kit, and exist only to serve the Chinese market—a market in which the SP Access Port Kit is not even sold. (McGrogan Decl. ¶ 6.) The same is true for Intuitive Japan, which only does business in Japan. (*Id.* ¶ 7.) Nor has Plaintiff made a showing of general jurisdiction against these entities, which only lies when a corporation's "affiliations with the State are so 'continuous and systematic' as to render them

*essentially at home* in the forum State." *Id.* at 230 (emphasis added) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Intuitive Mexico and Intuitive Sarl also lack any contact with Texas. Intuitive Mexico solely manufactures products in Mexico. (McGrogan Decl. ¶ 7.) Intuitive Sarl does not have any facilities in Texas and does not make the accused product, sell the accused product, or offer to sell the accused product in the U.S.[8] (*Id.* ¶ 5.) Accordingly, Plaintiff has failed to meet its burden to show jurisdiction arising out of "a contact between the defendant and the forum state." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

The non-U.S. Intuitive Defendants are not "essentially at home" in Texas, and as such, are not subject to general jurisdiction in this District. Accordingly, Plaintiff cannot establish this Court's personal jurisdiction over any non-U.S. Intuitive entity, and the Court should dismiss this case as to the non-U.S. Intuitive Defendants. FED. R. CIV. P. 12(b)(2).

> 2.    Plaintiff Does Not Allege Sufficient Facts to Support its Dubious "Joint Enterprise" Theory.

Seemingly recognizing that venue does not lie in this Court as to any of the Defendants, Plaintiff incants the phrase "joint enterprise" in an attempt to salvage its non-existent jurisdictional claim. (ECF No. 1 ¶¶ 2, 4, 17.) But Plaintiff's Complaint fails at the most basic level to plausibly allege the prerequisites of a "joint enterprise" and should be dismissed pursuant to Rule 12(b)(6). A "joint enterprise" requires allegations (and ultimately proof) of "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose among the members and (4) an equal right

---

[8] Indeed, the only "contact" Plaintiff alleges with respect to Intuitive Sarl is a lawsuit that it filed in *California*. (ECF No. 1 ¶ 7.)

to a voice in the direction of the enterprise, which gives an equal right of control." *LBS Innovations, LLC v. Nokia USA Inc.*, No. 2:15-cv-1972-JRG, 2016 WL 3407611, at *2 (E.D. Tex. June 21, 2016) (Gilstrap, J.) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1013 (Fed. Cir. 2015) (en banc)). Plaintiff's Complaint is utterly devoid of any allegations as to these prerequisite elements.

*LBS Innovations* is directly on point. In that case, the plaintiff similarly generically alleged that various corporate entities were a "joint enterprise," but failed to alleged facts to "establish the plausibility of an enterprise in which the members share an equal right of control" and "a community of pecuniary interest," both of which are required. *LBS Innovations*, 2016 WL 3407611, at *4. Here, similarly, Plaintiff does not allege that all of the Defendants share "an equal right to a voice in the direction of the enterprise, which gives an equal right of control." And as this Court explained, "the notion that a parent corporation and its subsidiaries would share an equal right of control of an executive board responsible for conducting the overall business operations is questionable on its face." *LBS Innovations*, 2016 WL 3407611, at *3. "Plaintiff must come forward and plead facts concerning the alleged joint enterprise beyond that which could be said for innumerable conglomerate or large multinational corporations." *Id.* Plaintiff does not plead any such facts—and cannot plead such facts—as there is no basis to allege that each of these separate corporate entities share equal rights of control and pecuniary interest with respect to the alleged infringement. Indeed, as discussed above, several of the entities have no role whatsoever with respect to United States activities.

### C. Plaintiff Fails to State a Claim for Indirect and Willful Infringement.

Finally, and independent of the fatal defects in Plaintiff's other allegations detailed above, the Court should dismiss Plaintiff's claims of indirect and willful infringement under Rule 12(b)(6)

of the Federal Rules of Civil Procedure. Plaintiff's only allegations of knowledge of the patent-in-suit are plainly false allegations in the following two sentences:

> Intuitive has been on actual notice of the '153 Patent at least as early as 2009, when it was cited in seven of its own patent file histories. Intuitive's direct and indirect infringement of the '153 Patent has thus been committed with knowledge of the '153 Patent, making Intuitive liable for direct, indirect, and willful infringement.

(ECF No. 1 ¶ 47.) The '153 Patent, however, did not issue until April 12, 2022. It is impossible for any Intuitive entity to have been "on actual notice of the '153 Patent at least as early as 2009," when the patent would not even exist as such for thirteen more years. It is likewise impossible for any Intuitive entity to have cited the '153 Patent in its own patents as early as 2009, because the '153 patent *did not issue until 13 years later* on April 12, 2022. Notwithstanding whether this baseless allegation violates Rule 11, such a demonstrably false allegation cannot plausibly state a claim. *See, e.g., Diamond Grading Techs. Inc. v. Am. Gem Society*, No. 2:14-cv-1161-RWS-RSP, 2016 WL 3902482, at *2 (E.D. Tex. Mar. 30, 2016) ("Pleading willful infringement requires a plausible allegation of subjective knowledge . . . .") The Court should dismiss Plaintiff's implausible and unsupported indirect and willful infringement claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss this lawsuit, or, in the alternative, transfer the case to the Northern District of California.

Respectfully submitted,


Lisa S. Glasser (*pro hac vice*)
  CA State Bar No. 223406
**IRELL & MANELLA LLP**
840 Newport Center Drive, Ste. 400
Newport Beach, CA 92660
Tel.: (949) 760-0991
Fax: (949) 760-5200
Email: lglasser@winstead.com

/s/ *Jamie H. McDole*
Jamie H. McDole
  LEAD COUNSEL
  State Bar No. 24082049
Matthew L. Vitale
  State Bar No. 24137699
**WINSTEAD PC**
2728 N. Harwood Street, Ste. 500
Dallas, Texas 75201
Tel.: (214) 745-5400
Fax: (214) 745-5390
Email: jmcdole@winstead.com
          mvitale@winstead.com

***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 4, 2025, I electronically submitted the foregoing document with the clerk of the United States District Court for the Eastern District of Texas using the electronic case management CM/ECF system of the Court, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

*/s/ Jamie H. McDole*
Jamie H. McDole