# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| AXCESS INSTRUMENTS IP HOLDING COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:25-cv-00559-JRG-RSP |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| INTUITIVE SURGICAL, INC., INTUITIVE SURGICAL OPERATIONS, INC., INTUITIVE SURGICAL SARL, INTUITIVE SURGICAL-FOSUN (HONGKONG) CO., LTD., AND INTUITIVE SURGICAL-FOSUN MEDICAL TECHNOLOGY (SHANGHAI) CO., LTD., INTUITIVE SURGICAL S. DE R.L. DE C.V., AND INTUITIVE SURGICAL G.K., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED VENUE DISCOVERY**
<u>**AND EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS**</u>

## I.    INTRODUCTION

Without engaging in any meet and confer as required by the Local Rules, Plaintiff Axcess asks this Court to excuse its failure to comply with the deadline to respond to Defendants' Motion to Dismiss, and to authorize a broad venue/jurisdiction fishing expedition. Plaintiff has not even attempted to show good cause to relieve its obligation to timely respond to the Motion to Dismiss. Nor does Plaintiff attempt to articulate any alleged basis to believe that any discoverable facts exist that would support venue or jurisdiction, despite bearing the "burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). Defendants respectfully submit that the Court should deny Plaintiff's motion.

## II.    ARGUMENT

### A.    Plaintiff Axcess Failed To Meet And Confer

Pursuant to Local Rule CV-7(h), before an opposed motion is filed, the Court requires "at a minimum, a personal conference, ***by telephone or in person***, between an attorney for the movant and an attorney for the non-movant." L.R. CV-7(h) (emphasis added). Despite this clear rule, Plaintiff filed the instant motion after simply sending an email on August 14, 2025, two business days before its deadline to respond to Defendants' Motion to Dismiss.[1] Moreover, Defendants responded to the email the next day asking several questions and offering to discuss the issue that day. Plaintiff did not answer many of the questions, and never responded to Defendants' offer of a call. In short, at no time did Plaintiff attempt to conference the present motion, which alone is

---

[1] Plaintiff portrays itself as having first raised its request for extension and venue discovery in "early August 2025." (ECF 22 at 2, and Certificate of Conference.) ***This is not accurate***. Plaintiff did not contact Defendant about an extension or any venue discovery until two business days before its deadline to respond to the Motion to Dismiss. (Ex. A at 3 ("***I am sorry I did not bring this up earlier*** as things were getting settled after vacation, but I hope we can still work something out.") (emphasis added).)

grounds to deny the motion. *Indorama Ventures Oxides LLC v. M/V Natchez Express*, 2021 WL 2935299 at *2 (E.D. Tex. Mar. 2, 2021) (denying motion to compel for failure to meet and confer and noting that under Local Rule CV-7(h), "[f]or opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance . . . and are not evidence of good faith."). !

**B.    Plaintiff Has Not Demonstrated Good Cause For Its Failure To Respond To Defendants' Motion To Dismiss Or Made Any Showing That Discovery Would Remedy Its Failure To Plead Facts Supporting Jurisdiction And Venue**

Fact discovery is already open. Therefore, the issue here is not whether Plaintiff can take discovery (indeed Plaintiff has already served interrogatories on numerous merits topics), but rather whether the Court should excuse Plaintiff's failure to timely respond to Defendants' Motion to Dismiss (ECF 17) and effectively stay the motion while Plaintiff attempts to identify a basis for its venue and jurisdiction allegations. The answer is no. Plaintiff does not even attempt to identify good cause for their failure to file any response to Defendants' Motion to Dismiss. Moreover, while the Court's decision to permit or deny venue/jurisdictional discovery is discretionary, such discovery still requires (1) at least a preliminary showing of jurisdiction and venue, and (2) a specific need for discovery—***showings Plaintiff has not even attempted to make***. *See, e.g., Adnexus Inc., LLC v. LinkedIn Corp.*, 2023 WL 6451124 at *2–3 (W.D. Tex. Oct. 3, 2023) ("Parties opposing dismissal and requesting discovery bear the burden of demonstrating the necessity of discovery. . . . [The Court's] discretion does not dispense with Plaintiff's burden." (cleaned up)); *Nunes v. NBCUniversal Media, Inc.*, 582 F. Supp. 3d 387, 401–02 (E.D. Tex. 2022) (denying request for jurisdictional discovery because "none of the requested discovery would alter the fact" that defendant was not subject to personal jurisdiction); *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 700–01 (E.D. Tex. 2020) (denying request for jurisdictional discovery where plaintiff "failed to indicate the possible existence of contacts with Texas"); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp 3d 916, 934 (E.D. Va. 2017) ("[A]llowing

plaintiffs to file suit in far-flung districts and then demand discovery on the issue of venue would recreate the inconvenience that venue rules are intended to prevent.").

Here, Plaintiff does not purport to identify any plausible basis for jurisdiction and venue that would be supported by discovery. Plaintiff just unilaterally (1) purports to grant itself a months-long extension to respond to the Motion to Dismiss, and (2) demands that the Court bless in advance a long list of additional venue and jurisdiction discovery. Plaintiff does not attempt to tether its request to this case. To the contrary, Plaintiff appears to have copy/pasted its list of desired discovery and conditions from a request in another matter, as the list refers to the "Chauvet declarants," which does not correspond to any entity in this case.

Given that Plaintiff has not even attempted to meet its burden to justify venue/jurisdictional discovery in this case, the Court should not delay resolution of Defendants' Motion to Dismiss. This is especially true because Plaintiff's counsel has already taken significant venue/jurisdictional discovery in a prior case involving the Defendants and knows very well that venue is not proper as to the U.S. Intuitive defendants and that personal jurisdiction does not exist as to the non-U.S. Intuitive defendants.[2] These issues are not close calls.

1.    Discovery would not cure the lack of personal jurisdiction over the non-U.S. Intuitive defendants.

With respect to the non-U.S. Intuitive defendants, "the absence of personal jurisdiction is clear and further discovery would serve no purpose." *Nunes*, 582 F. Supp. 2d at 402. Plaintiff bears

---

[2] Plaintiff knows its requested discovery will not change the outcome of Defendants' Motion to Dismiss. In the prior lawsuit filed against Defendants by Plaintiff's counsel (albeit representing a different client), the Court granted leave to conduct venue discovery. *See CICAS IP, LLC v. Olympus Corp., et al.*, No. 2:23-cv-00292, ECF 66 (E.D. Tex. Dec. 8, 2023). Although that case settled before venue discovery concluded—but after deposing several of Defendants' employees—the facts demonstrating that venue is improper and that the non-U.S. Intuitive defendants lack any contacts with Texas have not changed.

the burden to establish the Court's personal jurisdiction once challenged. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)). But as explained in detail in Defendants' Motion to Dismiss (ECF 17), the allegations in Plaintiff's complaint are insufficient as a matter of law to establish personal jurisdiction. Indeed, Plaintiff appears to recognize these fatal defects in its jurisdictional allegations, as Plaintiff has already voluntarily dismissed Intuitive Mexico and Intuitive Japan (ECF 21)—and offered to dismiss ***each*** of the non-U.S. Intuitive defendants (Ex. A at 3). Moreover, Plaintiff does not allege that any of the non-U.S. Defendants has ever engaged in an act of alleged infringement in the United States. Plaintiff only attempts to invoke an unsupported "joint enterprise" legal theory that this Court expressly rejected in *LBS Innovations, LLC v. Nokia USA Inc.*, 2016 WL 3407611, at *2–3 (E.D. Tex. June 21, 2016) (Gilstrap, J.). Plaintiff does not engage with this defect, instead merely asserting in its request for discovery: "Axcess disputes the premise that venue is improper and that jurisdiction is not proper." (ECF 22 at 2.) This single statement does not come close to meeting the necessary burden to identify a plausible basis that could be developed during discovery to exercise the Court's judicial power over the non-U.S. Intuitive defendants.

2. <u>Discovery would not cure the lack of venue for the U.S. Intuitive defendants.</u>

Plaintiff's request for venue discovery as to the U.S. Intuitive defendants (Intuitive Surgical, Inc. ("ISI") and Intuitive Surgical Operations, Inc. ("ISO")) is similarly futile because the venue deficiency exists as a matter of law. Plaintiff relies exclusively on the personal residence of a single remote employee of ISI—Micah Mobley—to assert that ISI and ISO each "maintain[] regular, physical, continuous, and established places of business." (ECF 1 ¶ 23.) Plaintiff repeats this claim in its present motion. (ECF 22 at 2.) But as discussed in detail in Defendants' Motion to Dismiss (ECF 17 at 6-8), the Federal Circuit has expressly ***rejected*** such a remote employee

– 4 –

residence as establishing a "regular, physical, continuous, and established places of business." *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Therefore, Plaintiff's venue allegations—even if true—cannot establish venue as a matter of law. Nor has Plaintiff sought to articulate any reason that costly and time-consuming venue discovery would yield a different result, and thus necessarily cannot meet its "burden of demonstrating the necessity of discovery." *Monkton*, 768 F.3d at 434.

### C. Plaintiff's Request For A Months-Long Extension To Respond To The Motion To Dismiss Should Be Denied

Despite the fact that Plaintiff's deadline to respond to Defendants' Motion to Dismiss has come and gone, and the Motion thus stands unopposed, L.R. CV-7(d), Defendants do not oppose a short extension of time to respond to their Motion to Dismiss. While Defendants believe it is improper for Plaintiff to unilaterally grant itself an extension of time to respond, Defendants prefer to see the Motion to Dismiss decided on the merits, and therefore do not oppose a short extension of time (e.g., 5 days) for Plaintiff to respond to Defendants' Motion to Dismiss.[3]

### D. To The Extent Any Venue/Jurisdictional Discovery Occurs, Plaintiff's Proposal Is One-Sided and Overly Broad

As explained in the foregoing paragraphs, the Court should not allow Plaintiff to grant itself a multi-month extension of time to pursue wasteful venue or jurisdiction discovery that will change nothing about the facts. Indeed, Plaintiff offered to dismiss each of the non-U.S. Intuitive defendants, but to date has dismissed only Intuitive Mexico and Intuitive Japan. (Ex. A at 3; *see* ECF 21.) Nonetheless, Defendants offered, as part of a compromise, to allow a brief delay for limited discovery regarding the U.S. Intuitive defendants if Plaintiff otherwise agreed to stay its

---

[3] If Plaintiff had properly met and conferred on the discrete issue of an extension of time to respond to the Motion to Dismiss, Defendants would have agreed to a short extension to avoid burdening the Court with unnecessary motion practice. But Plaintiff tied its requested extension of venue discovery, to which Defendants could not agree.

own discovery during that time frame, but Plaintiff refused. (Ex. A at 1–2.) Instead, Plaintiff seeks a self-serving delay and one-sided extra discovery, all while requiring Defendants (including the remaining non-U.S. Intuitive defendants over whom the court lacks jurisdiction) to continue to engage in merits discovery and comply with all scheduling order deadlines (e.g., P.R. 3-3 and 3-4 contentions). This makes Plaintiff's already-baseless request all the more unreasonable. If Plaintiff is permitted to delay proceedings on the Motion to Dismiss, merits discovery should also be stayed. *See, e.g.*, *Daniels v. Bull Rogers, Inc.*, 2018 WL 7297874 at *4 (W.D. Tex. Feb. 5, 2018) (staying all proceedings to "avoid placing undue burdens on the parties" where jurisdiction was questionable).

Moreover, Plaintiff's requests are overbroad. Plaintiff makes no attempt to explain why any or all of the numerous requests it proposes are appropriate for this case. Instead, Plaintiff copy-pastes a wish-list of discovery items apparently taken from a filing in an entirely unrelated case, as the list refers to "Chauvet declarants"—an entity that is not part of this case.

While discovery is unnecessary and could not remedy the defects in Plaintiff's complaint, if any aspect of Plaintiff's motion is granted, more tailored limits as detailed below would be appropriate:

1. Venue/jurisdiction discovery will be completed and Plaintiff required to file its opposition brief, if any, within *sixty* days of the issuance of an Order permitting such discovery;

2. Any venue/jurisdiction interrogatories served by either party should be limited to *five* and will count against that party's total number of interrogatories in the case as governed by the Federal and Local Rules; and

3. Plaintiff may conduct a *single* four-hour Rule 30(b)(6) deposition of the remaining Defendants collectively on or before the close of venue/jurisdictional discovery.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion.

Respectfully submitted,

Dated: August 25, 2025                    Respectfully submitted,

                                         */s/ Matthew L. Vitale*                
                                          Jamie H. McDole
                                            LEAD COUNSEL
                                            State Bar No. 24082049
                                          Matthew L. Vitale
                                            State Bar No. 24137699
                                          David A. Neal
                                            State Bar No. 24144868

                                          **WINSTEAD PC**
                                          2728 N. Harwood Street, Ste. 500
                                          Dallas, Texas 75201
                                          Tel.: (214) 745-5400
                                          Fax: (214) 745-5390
                                          Email: jmcdole@winstead.com
                                                  mvitale@winstead.com

                                          Lisa S. Glasser (*pro hac vice*)
                                            CA State Bar No. 223406

                                          **IRELL & MANELLA LLP**
                                          840 Newport Center Drive, Ste. 400
                                          Newport Beach, CA 92660
                                          Tel.: (949) 760-0991
                                          Fax: (949) 760-5200
                                          Email: lglasser@winstead.com

                                          ***Attorneys for Defendants***

## **CERTIFICATE OF NON-CONFERENCE**

I hereby certify that, on August 14, 2025, Christopher Honea, Counsel for Axcess, inquired via e-mail whether Intuitive would oppose the relief requested in Axcess's Motion for Leave (ECF 22). That e-mail was the first time Axcess raised either of the issues discussed in its Motion.

*/s/ Jamie H. McDole*
Jamie H. McDole

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 25, 2025, I electronically submitted the foregoing document with the clerk of the United States District Court for the Eastern District of Texas using the electronic case management CM/ECF system of the Court, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

*/s/ Matthew L. Vitale*
Jamie H. McDole